**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALEX IS THE BEST, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| BLU PRODUCTS, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Alex is the Best, LLC. ("AITB" or "Plaintiff"), by and through its undersigned

counsel, brings this complaint for patent infringement against BLU Products, Inc. ("Defendant").

In support of this complaint, AITB alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement of United States Patent Nos. 7,633,524

(the "'524 Patent"),  7,907,172 (the "'172 Patent"), 8,134,600 (the "'600 Patent"), 8,477,197 (the

"'197 Patent"), 8,581,991 (the "'991 Patent"), 8,947,542 (the "'542 Patent") and 9,197,806 (the

"'806 Patent" and collectively with the '524, '172, '600, '197, '991, and '542 Patents, the

"Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, seeking

damages and other relief under 35 U.S.C. § 281 *et seq.*

## THE PARTIES

2.      Plaintiff AITB is a limited liability company organized under the laws of the state

of New York with its principal place of business at 75 82nd St., Brooklyn, New York 11209.

Frank Clemente is the inventor or co-inventor of the Patents-in-Suit and the managing member

of AITB.

3.      Upon information and belief, Defendant BLU Products, Inc. is a corporation formed under the laws of the State of Delaware, with its principal place of business located at 10814 NW 33rd Street, Building 100, Miami, Florida 33172.  Defendant may be served with process through its registered agent, The Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1367 because the action arises under the patent laws of the United States, 35 U.S.C. §§1 *et seq.*

5.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and as a result of the injury Defendant caused to AITB and the cause of action AITB has raised, as alleged herein.

6.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long-Arm Statute, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this District.

7.      Defendant has conducted and conducts business within this District, directly or through intermediaries, resellers, agents, or offer to sell, sell, and/or advertise (including the use of interactive web pages with promotional material) products in this District that infringe the Asserted Patent.

8.      In addition to Defendant's continuous and systematic conduct of business in this District, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in this District, including Defendant's making, using,

2

importing, offering to sell, or selling products which include features that fall within the scope of at least one claim of the Patents-in-Suit.

9.      Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District.  For example, Defendant has used, sold, offered to sell, and/or imported infringing products in this District.

**THE PATENTS-IN-SUIT**

10.      On December 15, 2009, the United States Patent and Trademark Office (the "PTO") duly and legally issued the '524 Patent, entitled "Integrated internet camera system" after a full and fair examination to inventors Frank Clemente and Ted Feaser. AITB is presently the owner by assignment of the '524 Patent, having received all rights, title, and interest in and to the '524 Patent.  AITB possesses all rights of recovery under the '524 Patent, including the exclusive right to recover for past infringement.  A true and correct copy of the '524 Patent is attached to this Complaint as Exhibit A.

11.      On March 15, 2011, the PTO duly and legally issued the '172 Patent, entitled "Integrated internet camera system" after a full and fair examination to inventors Frank Clemente and Ted Feaser. AITB is presently the owner by assignment of the '172 Patent, having received all rights, title, and interest in and to the '172 Patent.  AITB possesses all rights of recovery under the '172 Patent, including the exclusive right to recover for past infringement.  A true and correct copy of the '172 Patent is attached to this Complaint as Exhibit B.

12.      On March 13, 2012, the PTO duly and legally issued the '600 Patent, entitled "Internet direct device" after a full and fair examination to inventors Frank Clemente and Ted Feaser. AITB is presently the owner by assignment of the '600 Patent, having received all rights,

title, and interest in and to the '600 Patent.  AITB possesses all rights of recovery under the '600 Patent, including the exclusive right to recover for past infringement.  A true and correct copy of the '600 Patent is attached to this Complaint as Exhibit C.

13.     On July 2, 2013, the PTO duly and legally issued the '197 Patent, entitled "Internet direct device" after a full and fair examination to inventors Frank Clemente and Ted Feaser. AITB is presently the owner by assignment of the '197 Patent, having received all rights, title, and interest in and to the '197 Patent.  AITB possesses all rights of recovery under the '197 Patent, including the exclusive right to recover for past infringement.  A true and correct copy of the '197 Patent is attached to this Complaint as Exhibit D.

14.     On November 12, 2013, the PTO duly and legally issued the '991 Patent, entitled "Integrated internet camera system and method" after a full and fair examination to inventor Frank Clemente. AITB is presently the owner by assignment of the '991 Patent, having received all rights, title, and interest in and to the '991 Patent.  AITB possesses all rights of recovery under the '991 Patent, including the exclusive right to recover for past infringement.  A true and correct copy of the '991 Patent is attached to this Complaint as Exhibit E.

15.     On February 3, 2015, the PTO duly and legally issued the '542 Patent, entitled "Integrated internet camera system and method" after a full and fair examination to inventor Frank Clemente. AITB is presently the owner by assignment of the '542 Patent, having received all rights, title, and interest in and to the '542 Patent.  AITB possesses all rights of recovery under the '542 Patent, including the exclusive right to recover for past infringement.  A true and correct copy of the '542 Patent is attached to this Complaint as Exhibit F.

16.     On November 24, 2015, the PTO duly and legally issued the '806 Patent, entitled "Integrated internet camera system and method" after a full and fair examination to inventor

Frank Clemente. AITB is presently the owner by assignment of the '806 Patent, having received all rights, title, and interest in and to the '806 Patent.  AITB possesses all rights of recovery under the '806 Patent, including the exclusive right to recover for past infringement.  A true and correct copy of the '806 Patent is attached to this Complaint as Exhibit G.

### DESCRIPTION OF THE ACCUSED INSTRUMENTALITIES

17.     The mobile devices made available in the United States by Defendant, including, but not limited to, the Blu product series' known as Studio, Pure, Life, Vivo, Touchbook, Dash, Advance, Energy, Neo, and Specialty (collectively the "Accused Instrumentalities"), comprise portable, Internet direct devices complete with multiple cameras, at least one microprocessor, a display, and communications equipment capable of connecting the devices to the Internet and a Website Archive and Review Center ("WSARC"), using multiple modes of communication.

18.     For example, the Accused Instrumentalities each include a front facing and rear facing camera, each complete with necessary image sensors and processing capability to capture still photos and video, a microphone capable of capturing audio with video capture, a display, and at least one microprocessor as indicated on the following websites: http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf, http://bluproducts.com/index.php/pure-xl, http://bluproducts.com/life-mark, http://bluproducts.com/index.php/vivo-xl, http://bluproducts.com/index.php/touchbook-g7, http://bluproducts.com/dash-l2, http://bluproducts.com/index.php/advance-5-0, http://bluproducts.com/energy-xl/, http://bluproducts.com/index.php/neo-xl, and http://www.bluproducts.com/r1-hd/,  visited on July 20, 2016.

19.     The Accused Instrumentalities are observed to be programmed to facilitate automated backup of photos and video in a manner that also makes said photos and video

accessible via a web browser, i.e., a WSARC, and to facilitate automatic transfer of video and audio data to another mobile device (e.g. through video chatting).

20.     Finally, the Accused Instrumentalities, once configured, are observed to be programmed to connect to a network, and thereafter to the WSARC, automatically on power up and to automatically switch to another mode of communication when the primary mode of communication is not available.

## COUNT I
## INFRINGEMENT OF THE '524 PATENT

21.     AITB repeats and realleges paragraphs 1-20 as if fully set forth herein.

22.     AITB is the owner of the '524 Patent.  AITB's ownership of the '524 Patent is based on an assignment, by the inventors Frank Clemente and Ted Feaser, which was duly recorded with the PTO on April 5, 2011.

23.     Defendant provides a product series known as the Blu Studio Series, consisting of 26 known versions as of July 21, 2016.

24.     The Blu Studio Series infringes at least claim 1 of the '524 Patent, as exemplified by the Blu Studio 7 II.

25.     The Blu Studio 7 II is observed to come pre-installed with an application ("the Application") that allows users to automatically upload still and video images to an online account, a WSARC, to which a registered user can connect via an internet web page to manage said still or video images.

26.     The Application, along with the Blu Studio 7 II itself, constitute components of an integrated Internet camera system as described in the '524 Patent.

27.     The Blu Studio 7 II includes a 5MP main camera as well as a VGA front camera, each    for    capturing    an    image,    as    indicated    by    visiting

http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

28.     Using the backup and synchronization feature of the Application, the Blu Studio 7 II is observed to transmit captured still or video images to a WSARC upon image capture and receives stored images from the WSARC.

29.     The Blu Studio 7 II includes a 7" 600x1024 display, as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

30.     The Blu Studio 7 II is observed to automatically connect to Wi-Fi on power-up. Wi-Fi is one of a plurality of available modes of connection available to the Blu Studio 7 II and is observed to be designated as the primary mode of connection as the Blu Studio 7 II will use Wi-Fi when available in favor of a cellular connection, presumably in order to reduce mobile data usage.

31.     Further, upon inspecting background apps after the Blu Studio 7 II has been power-cycled, the Application can be seen running, meaning the Blu Studio 7 II automatically connects to the WSARC on power up.

32.     The Blu Studio 7 II is observed to automatically switch to use its cellular data connection when it detects that the Wi-Fi connection is unavailable.

33.     The foregoing features of the Blu Studio Series, and Defendant's provision thereof, reflect past and ongoing direct infringement by Defendant by satisfying every element of at least claim 1 of the '524 Patent, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by practicing each and every method step recited in said claim, thereby

constituting use of the claimed subject matter, without AITB's authorization, in the United States, during the term of the '524 Patent.

34.     The foregoing specifically alleges facts showing that Defendant, through its provision of the Blu Studio Series, has been and continues to infringe at least claim 1 of the '524 Patent. AITB reserves the right to assert other claims of the '524 Patent herein and to pursue related discovery and infringement allegations against Defendant.

35.     Defendant also provides product series known as Pure, Life, Vivo, Touchbook, Dash, Advance, Energy, Neo, and Specialty (hereafter the "Additional Accused Product Series"). The Additional Accused Product Series each include all necessary hardware elements and operating system and work as described above. In addition, pre-installed applications, which would include the Application, are advertised features of the Additional Accused Product Series.

36.     AITB has suffered and will continue to suffer damages as a result of Defendant's infringement of the '524 Patent, in an amount to be proven at trial.

## COUNT II
## INFRINGEMENT OF THE '172 PATENT

37.     AITB repeats and realleges paragraphs 1-36 as if fully set forth herein.

38.     AITB is the owner of the '172 Patent.  AITB's ownership of the '172 Patent is based on an assignment, by the inventors Frank Clemente and Ted Feaser, which was duly recorded with the PTO on April 5, 2011

39.     Defendant provides a product and service known as the Blu Studio Series.

40.     The Blu Studio Series infringes at least claim 1 of the '172 Patent, as exemplified by the Blu Studio 7 II.

41.     The Blu Studio 7 II allows the user to access the Internet through a variety of communication networks, including but not limited to Wi-Fi and FDD-LTE as indicated by

visiting  http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf  on July 20, 2016.

42.     The Blu Studio 7 II includes a 5MP main camera as well as a VGA front camera, each for capturing both still and video images as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

43.     The Blu Studio 7 II includes a MediaTek Quad-Core processor as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016, which is observed to be used, along with the backup and synchronization feature of the Application, to transmit said captured still or video images to an account associated with the Internet direct device on a WSARC upon image capture, and to receive stored images from the WSARC.

44.     The Blu Studio 7 II is observed to automatically connect to Wi-Fi on power-up. Wi-Fi is one of a plurality of available modes of connection available to the Blu Studio 7 II and is observed to be designated as the primary mode of connection as the Blu Studio 7 II will use Wi-Fi when available in favor of a cellular connection, presumably in order to reduce mobile data usage.

45.     Further, upon inspecting background apps after the Blu Studio 7 II has been power-cycled, the Application can be seen running, meaning the Blu Studio 7 II automatically connects to the WSARC on power up.

46.     The Blu Studio 7 II is observed to automatically switch to use its cellular data connection when it detects that the Wi-Fi connection is unavailable.

47.     The foregoing features of the Blu Studio Series, and Defendant's provision thereof, reflect past and ongoing direct infringement by Defendant by satisfying every element of at least claim 1 of the '172 Patent, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by practicing each and every method step recited in said claim, thereby constituting use of the claimed subject matter, without AITB's authorization, in the United States, during the term of the '172 Patent.

48.     The foregoing specifically alleges facts showing that Defendant, through its provision of the Blu Studio Series, has been and continues to infringe at least claim 1 of the '172 Patent. AITB reserves the right to assert other claims of the '172 Patent herein and to pursue related discovery and infringement allegations against Defendant.

49.     Further, the Additional Accused Product Series each include all necessary hardware elements and operating system and work as described above. In addition, pre-installed applications, which would include the Application, are advertised features of the Additional Accused Product Series.

50.     AITB has suffered and will continue to suffer damages as a result of Defendant's infringement of the '172 Patent, in an amount to be proven at trial.

**COUNT III**
**INFRINGEMENT OF THE '600 PATENT**

51.     AITB repeats and realleges paragraphs 1-50 as if fully set forth herein.

52.     AITB is the owner of the '600 Patent.  AITB's ownership of the '600 Patent is based on an assignment, by the inventors Frank Clemente and Ted Feaser, which was duly recorded with the PTO on April 5, 2011.

53.     Defendant provides a product and service known as the Blu Studio Series.

54.     The Blu Studio Series infringes at least claim 1 of the '600 Patent, as exemplified by the Blu Studio 7 II.

55.     The Blu Studio 7 II allows the user to access the Internet through a variety of communication networks, including but not limited to Wi-Fi and FDD-LTE as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

56.     The Blu Studio 7 II includes a 5MP main camera as well as a VGA front camera, each for capturing both still and video images as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

57.     The Blu Studio 7 II includes a MediaTek Quad-Core processor as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016, which is observed to be used, along with a pre-installed application for video conferencing (the "Video Conferencing Application"), to transmit said captured video images to another Internet direct device upon image capture, and to receive video images from the other Internet direct device.

58.     The Blu Studio 7 II is observed to automatically connect to Wi-Fi on power-up. Wi-Fi is one of a plurality of available modes of connection available to the Blu Studio 7 II and is observed to be designated as the primary mode of connection as the Blu Studio 7 II will use Wi-Fi when available in favor of a cellular connection, presumably in order to reduce mobile data usage.

59.     The Blu Studio 7 II is observed to automatically switch to use its cellular data connection when it detects that the Wi-Fi connection is unavailable.

60.     The foregoing features of the Blu Studio Series, and Defendant's provision thereof, reflect past and ongoing direct infringement by Defendant by satisfying every element of at least claim 1 of the '600 Patent, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by practicing each and every method step recited in said claim, thereby constituting use of the claimed subject matter, without AITB's authorization, in the United States, during the term of the '600 Patent.

61.     The foregoing specifically alleges facts showing that Defendant, through its provision of the Blu Studio Series, has been and continues to infringe at least one claim of the '600 Patent. AITB reserves the right to assert other claims of the '600 Patent herein and to pursue related discovery and infringement allegations against Defendant.

62.     Further, the Additional Accused Product Series each include all necessary hardware elements and operating system and work as described above. In addition, pre-installed applications, which would include the Video Conferencing Application, are advertised features of the Additional Accused Product Series.

63.     AITB has suffered and will continue to suffer damages as a result of Defendant's infringement of the '600 Patent, in an amount to be proven at trial.

**COUNT IV**
**INFRINGEMENT OF THE '197 PATENT**

64.     AITB repeats and realleges paragraphs 1-63 as if fully set forth herein.

65.     AITB is the owner of the '197 Patent.  AITB's ownership of the '197 Patent is based on an assignment, by the inventors Frank Clemente and Ted Feaser, which was duly recorded with the PTO on April 5, 2011.

66.     Defendant provides a product and service known as the Blu Studio Series.

67.     The Blu Studio Series infringes at least claim 1 of the '197 Patent, as exemplified by the Blu Studio 7 II.

68.     The Blu Studio 7 II allows the user to access the Internet through a variety of communication networks, including but not limited to Wi-Fi and FDD-LTE as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

69.     The Blu Studio 7 II includes a 5MP main camera as well as a VGA front camera, each for capturing both still and video images as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

70.     The Blu Studio 7 II includes a MediaTek Quad-Core processor as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016, which is observed to be used, along with the backup and synchronization feature of the Application, to transmit said captured still or video images to an account associated with the Internet direct device on a WSARC upon image capture, and to receive stored images from the WSARC.

71.     The Blu Studio 7 II is observed to automatically connect to Wi-Fi on power-up. Wi-Fi is one of a plurality of available modes of connection available to the Blu Studio 7 II and is observed to be designated as the primary mode of connection as the Blu Studio 7 II will use Wi-Fi when available in favor of a cellular connection, presumably in order to reduce mobile data usage.

72.     The Blu Studio 7 II is observed to automatically switch to use its cellular data connection when it detects that the Wi-Fi connection is unavailable.

73.     The foregoing features of the Blu Studio Series, and Defendant's provision thereof, reflect past and ongoing direct infringement by Defendant by satisfying every element of at least claim 1 of the '197 Patent, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by practicing each and every method step recited in said claim, thereby constituting use of the claimed subject matter, without AITB's authorization, in the United States, during the term of the '197 Patent.

74.     The foregoing specifically alleges facts showing that Defendant, through its provision of the Blu Studio Series, has been and continues to infringe at least claim 1 of the '197 Patent. AITB reserves the right to assert other claims of the '197 Patent herein and to pursue related discovery and infringement allegations against Defendant.

75.     Further, the Additional Accused Product Series each include all necessary hardware elements and operating system and work as described above. In addition, pre-installed applications, which would include the Application, are advertised features of the Additional Accused Product Series.

76.     AITB has suffered and will continue to suffer damages as a result of Defendant's infringement of the '197 Patent, in an amount to be proven at trial.

**COUNT V**
**INFRINGEMENT OF THE '991 PATENT**

77.     AITB repeats and realleges paragraphs 1-76 as if fully set forth herein.

78.     AITB is the owner of the '991 Patent.  AITB's ownership of the '991 Patent is based on an assignment, by the inventor Frank Clemente, which was duly recorded with the PTO on June 7, 2013.

79.     Defendant provides a product and service known as the Blu Studio Series.

80.     The Blu Studio Series infringes at least claim 1 of the '991 Patent, as exemplified by the Blu Studio 7 II.

81.     The Blu Studio 7 II allows the user to access the Internet through a variety of communication networks, including but not limited to Wi-Fi and FDD-LTE as indicated by visiting  http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf  on July 20, 2016, thereby performing a method for transmitting still and video images using further elements and functionality described below.

82.     As discussed herein, the Blu Studio 7 II is observed to automatically connect to Wi-Fi on power-up. Wi-Fi is one of a plurality of available modes of connection available to the Blu Studio 7 II and is observed to be designated as the primary mode of connection as the Blu Studio 7 II will use Wi-Fi when available in favor of a cellular connection, presumably in order to reduce mobile data usage.

83.     The Blu Studio 7 II includes a 5MP main camera as well as a VGA front camera, each for capturing both still and video images as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

84.     The Blu Studio 7 II includes a MediaTek Quad-Core processor as indicated by visiting  http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf  on July 20, 2016, which is observed to be used, along with the backup and synchronization feature of the Application, to transmit said captured still or video images to an account associated with the Internet direct device on a WSARC upon image capture, and to receive stored images from the WSARC.

85. The PRODUCT is observed to automatically switch to use its cellular data connection when it detects that the Wi-Fi connection is unavailable.

86. The foregoing features of the Blu Studio Series, and Defendant's provision thereof, reflect past and ongoing direct infringement by Defendant by satisfying every element of at least claim 1 of the '991 Patent, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by practicing each and every method step recited in said claim, thereby constituting use of the claimed subject matter, without AITB's authorization, in the United States, during the term of the '991 Patent.

87. The foregoing specifically alleges facts showing that Defendant, through its provision of the Blu Studio Series, has been and continues to infringe at least claim 1 of the '991 Patent. AITB reserves the right to assert other claims of the '991 Patent herein and to pursue related discovery and infringement allegations against Defendant.

88. Further, the Additional Accused Product Series each include all necessary hardware elements and operating system and work as described above. In addition, pre-installed applications, which would include the Application, are advertised features of the Additional Accused Product Series.

89. AITB has suffered and will continue to suffer damages as a result of Defendant's infringement of the '991 Patent, in an amount to be proven at trial.

**COUNT VI**
**INFRINGEMENT OF THE '542 PATENT**

90. AITB repeats and realleges paragraphs 1-89 as if fully set forth herein.

91. AITB is the owner of the '542 Patent.  AITB's ownership of the '542 Patent is based on an assignment, by the inventor Frank Clemente, which was duly recorded with the PTO on October 14, 2013.

92.     Defendant provides a product and service known as the Blu Studio Series.

93.     The Blu Studio Series infringes at least claim 1 of the '542 Patent, as exemplified by the Blu Studio 7 II.

94.     The Blu Studio 7 II allows the user to access the Internet through a variety of communication networks, including but not limited to Wi-Fi and FDD-LTE as indicated by visiting  http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf  on July 20, 2016.

95.     The Blu Studio 7 II includes a 5MP main camera as well as a VGA front camera, each    for    capturing    video    images    as    indicated    by    visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016. The Blu Studio 7 II also includes a microphone for capturing audio as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

96.     The Blu Studio 7 II includes a MediaTek Quad-Core processor as indicated by visiting  http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf  on July 20, 2016, which is observed to be used, along with a pre-installed Video Conferencing Application to transmit said captured audio or video images to another Internet direct device upon image capture, and to receive audio or video images from the other Internet direct device.

97.     The Blu Studio 7 II is observed to automatically connect to Wi-Fi on power-up. Wi-Fi is one of a plurality of available modes of connection available to the Blu Studio 7 II and is observed to be designated as the primary mode of connection as the Blu Studio 7 II will use Wi-Fi when available in favor of a cellular connection, presumably in order to reduce mobile data usage.

98.     The Blu Studio 7 II is observed to automatically switch to use its cellular data connection when it detects that the Wi-Fi connection is unavailable.

99.     The foregoing features of the Blu Studio Series, and Defendant's provision thereof, reflect past and ongoing direct infringement by Defendant by satisfying every element of at least claim 1 of the '542 Patent, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by practicing each and every method step recited in said claim, thereby constituting use of the claimed subject matter, without AITB's authorization, in the United States, during the term of the '542 Patent.

100.    The foregoing specifically alleges facts showing that Defendant, through its provision of the Blu Studio Series, has been and continues to infringe at least claim 1 of the '542 Patent. AITB reserves the right to assert other claims of the '542 Patent herein and to pursue related discovery and infringement allegations against Defendant.

101.    Further, the Additional Accused Product Series each include all necessary hardware elements and operating system and work as described above. In addition, pre-installed applications, which would include the Video Conferencing Application, are advertised features of the Additional Accused Product Series.

102.    AITB has suffered and will continue to suffer damages as a result of Defendant's infringement of the '542 Patent, in an amount to be proven at trial.

## COUNT VII
### INFRINGEMENT OF THE '806 PATENT

103.    AITB repeats and realleges paragraphs 1-102 as if fully set forth herein.

104.    AITB is the owner of the '806 Patent.  AITB's ownership of the '806 Patent is based on an assignment, by the inventor Frank Clemente, which was duly recorded with the PTO on October 14, 2013.

105.    Defendant provides a product and service known as the Blu Studio Series.

106.    The Blu Studio Series infringes at least claim 1 of the '806 Patent, as exemplified by the Blu Studio 7 II.

107.    The Blu Studio 7 II allows the user to access the Internet through a variety of communication networks, including but not limited to Wi-Fi and FDD-LTE as indicated by visiting  http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf  on July 20, 2016.

108.    The Blu Studio 7 II includes a 5MP main camera as well as a VGA front camera, each for capturing both still and video images as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016. The Blu Studio 7 II also includes a microphone for capturing audio as indicated by visiting http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf on July 20, 2016.

109.    The Blu Studio 7 II includes a MediaTek Quad-Core processor as indicated by visiting  http://s536785483.onlinehome.us/salesguides/images/salesguides/studio-70-ii-sg.pdf  on July 20, 2016, which is observed to be used, along with the backup and synchronization feature of the Application, to transmit said captured audio, still or video images to an account associated with the Internet direct device on a WSARC upon image capture.

110.    The Blu Studio 7 II is observed to automatically connect to Wi-Fi on power-up. Wi-Fi is one of a plurality of available modes of connection available to the Blu Studio 7 II and is observed to be designated as the primary mode of connection as the Blu Studio 7 II will use Wi-Fi when available in favor of a cellular connection, presumably in order to reduce mobile data usage.

111. The Blu Studio 7 II is observed to automatically switch to use its cellular data connection when it detects that the Wi-Fi connection is unavailable.

112. The foregoing features of the Blu Studio Series, and Defendant's provision thereof, reflect past and ongoing direct infringement by Defendant by satisfying every element of at least claim 1 of the '806 Patent, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by practicing each and every method step recited in said claim, thereby constituting use of the claimed subject matter, without AITB's authorization, in the United States, during the term of the '806 Patent.

113. The foregoing specifically alleges facts showing that Defendant, through its provision of the Blu Studio Series, has been and continues to infringe at least claim 1 of the '806 Patent. AITB reserves the right to assert other claims of the '806 Patent herein and to pursue related discovery and infringement allegations against Defendant.

114. Further, the Additional Accused Product Series each include all necessary hardware elements and operating system and work as described above. In addition, pre-installed applications, which would include the Application, are advertised features of the Additional Accused Product Series.

115. AITB has suffered and will continue to suffer damages as a result of Defendant's infringement of the '806 Patent, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, AITB prays for the following relief:

A. That Defendant be adjudged to have infringed the Patents-in-Suit, directly, literally and/or under the doctrine of equivalents;

B.      An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate AITB for the Defendant's past infringement and any continuing or future infringement, including compensatory damages;

C.      An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284; and

D.      Such other and further relief as this Court may deem just and proper.


Dated: September 2, 2016                    BAYARD, P.A.

                                            /s/ Stephen B. Brauerman
                                            Stephen B. Brauerman (No. 4952)
                                            Sara E. Bussiere (No. 5725)
                                            222 Delaware Avenue, Suite 900
                                            P.O. Box 25130
                                            Wilmington, Delaware 19899
                                            (302) 655-5000
                                            sbrauerman@bayardlaw.com
                                            sbussiere@bayardlaw.com

                                            *Attorneys for Plaintiff Alex is the Best, LLC*